**250**

## SECURITY LAND COMPANY, INC., Plaintiff-Appellant,

v.

Plato TOULIATOS, Sarah Coley Touliatos, Francis Gassner, Herschel Crowley, Jr., Trustee; Edward G. Humphreys, Trustee; Mid-South Title Company, Inc., Trustee; Augusta Hooper, Kent Brough, Allen Kent McLean and Herman E. Jaehne, Defendants-Appellees.

Supreme Court of Tennessee, at Jackson.

Sept. 29, 1986.

William H. Fisher, III, Memphis, for plaintiff-appellant.

John C. Vergos, Memphis, for Plato and Sarah Touliatos.

Jef Feibelman, Memphis, for Kay Gassner.

## ON PETITION TO REHEAR

MATHERNE, Special Justice.

By its Petition to Rehear the plaintiff-appellant points out that this court erred in its statement that the listing contract between Touliatos and the realtor contained the provision that Touliatos agreed to convey "or cause to be conveyed" the land in question. The plaintiff points out that this provision is in the sales contract between the plaintiff and Touliatos, and the plaintiff has standing to assert the breach of that provision by Touliatos. In this respect the plaintiff is correct, and we will proceed to determine the effect of those words as applied to the issues in this lawsuit.

The plaintiff argues that it is entitled to damages because Touliatos did not cause to be conveyed to it the fee title to the property.

If it be conceded that this provision of the sales contract was binding upon Touliatos to the extent that he would be liable for resulting damages due to the breach thereof, the plaintiff, under the facts, would not be entitled to monetary damages because it has been determined that there were no monetary damages resulting from the breach of this contract by Touliatos.

The master found the value of the property to be the same on the date of the contract as on the date of its breach—thus no damages. That finding has been affirmed by the chancellor, and by this court.

Consequently, the plaintiff's Petition to Rehear is granted insofar as to delete from our former Opinion, 716 S.W.2d 918, all holdings relating to the interpretation of the words "cause to be conveyed" as stated in the sales contract, and to substitute therefor this holding on that point.

All other matters presented by its petition were considered by the court in the original Opinion, and the Petition to Rehear is in all other respects denied.

BROCK, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.